Case 4:23-cv-00156-ALM Document 1-4 Filed 02/23/23 Page 2 of 13 PageID #: 97
Case 3:23-cv-00156-ALM Document 1-4 Filed 02/23/23 Page 2 of 13 PageID #: 97
FILED: 1/24/2023 9:23 AM
David Trantham
Denton County District Clerk
By: Guadalupe Avelino, Deputy

CAUSE NO. 23-0641-431 _____

| | | |
|---|---|---|
| **CORY RAY WEAVER,** | § § § § § § § § § § § § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | | |
| vs. | | _____ **JUDICIAL DISTRICT** |
| **MAX LEROY TRACY, RHODES LLC, FERMIN GAYTAN LOPEZ, and PGT TRUCKING** | | |
| **Defendants.** | | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND MOTION FOR TEMPORARY INJUNCTION

Plaintiff Cory Ray Weaver complains of Defendants Max Leroy Tracy, Rhodes LLC, Fermin Gaytan Lopez, and PGT Trucking (collectively, "Defendants") and for cause of action shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under Level 3 of Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Defendant Max Leroy Tracy is an individual residing in Nebraska and may be served with process at 401 Horrum St., Dix, Nebraska 69133.

4. Defendant Rhodes LLC is a foreign limited liability company doing business in the State of Texas. Defendant Rhodes LLC may be served with process at 4477 Road 17 W., Bushnell, NE 69128.

5. Defendant Fermin Gaytan Lopez is an individual residing in Mexico at Venustiano

Carranza 1410, Independencia, 25750 Monclova, Coahuila, Mexico and may be served with process through J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street Austin, Texas 78701-2483.

6. Defendant PGT Trucking is a foreign company doing business in the State of Texas. Defendant PGT Trucking may be served with process at 4200 Industrial Blvd., Aliquippa, PA 15001.

### III.
### JURISDICTION AND VENUE

7. The amount in controversy is within the jurisdictional limits of this Court, which has jurisdiction over Defendants because they do business in Texas.

8. Venue in Denton County is proper under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Denton County, Texas.

### IV.
### FACTS

9. On or about December 6, 2022, Plaintiff Cory Ray Weaver was driving a 2008 Ford F-150 and traveling northbound on IH-35 in Denton County, Texas when his vehicle became disabled on the highway. Plaintiff exited the vehicle after it became disabled.

10. While Plaintiff was a pedestrian outside his disabled vehicle, a 2017 International LF687 tractor-trailer driven by Defendant Fermin Gaytan Lopez and traveling northbound on IH-35 approached Plaintiff's vehicle from the south. Defendant Lopez failed to control his speed and failed to pay attention, and the tractor-trailer he was driving collided with Plaintiff's disabled vehicle. Defendant Lopez's failure to pay attention was due, in whole or in part, to his driving while distracted by cell phone usage.

11. At the time of the collision, Defendant Lopez was in the course and scope of his employment, and/or a borrowed servant, and/or acting with actual or apparent authority and within the scope of his agency with Defendant PGT Trucking. Defendant Lopez was an unlicensed, incompetent, and/or reckless driver. Defendant PGT Trucking knew or should have known that Defendant Lopez was an unlicensed, incompetent, and/or reckless driver.

12. Following the initial collision, Plaintiff's vehicle remained disabled on the highway. A short time later, a 2005 Kenworth tractor-trailer driven by Defendant Max Leroy Tracy, transporting a passenger, Kristina Crane, and traveling northbound on IH-35 approached Plaintiff's vehicle from the south. Defendant Tracy failed to control his speed and failed to pay attention, and the tractor-trailer he was driving struck Plaintiff before colliding with Plaintiff's vehicle. Defendant Tracy's failure to pay attention was due, in whole or in part, to his driving while distracted by cell phone usage and/or his passenger.

13. At the time of the collision, Defendant Tracy was in the course and scope of his employment, and/or a borrowed servant, and/or acting with actual or apparent authority and within the scope of his agency with Defendant Rhodes LLC. Defendant Tracy was an unlicensed, incompetent, and/or reckless driver. Defendant Rhodes LLC knew or should have known that Defendant Lopez was an unlicensed, incompetent, and/or reckless driver.

## V.
## CAUSES OF ACTION

14. The collisions made the basis of this suit, and the resulting injuries and damages of Plaintiff, were proximately caused by the negligence and gross negligence of Defendants.

A.  **Negligence**

   i.  **Defendants Max Leroy Tracy and Fermin Gaytan Lopez**

   15. Defendants Max Leroy Tracy and Fermin Gaytan Lopez both owed Plaintiff a duty to exercise ordinary care in the operation of a motor vehicle.

   16. Defendants Max Leroy Tracy and Fermin Gaytan Lopez each breached that duty in one or more of the following respects:

   - a.  failing to keep a proper lookout, or such lookout that a person of ordinary prudence would have maintained under the same or similar circumstances;
   - b.  failing to timely apply the vehicle's brakes to avoid the collision;
   - c.  failing to control the vehicle's speed;
   - d.  failing to turn the vehicle to avoid the collision;
   - e.  failing to pay attention; and
   - f.  driving while distracted by cell phone usage.

   17. Defendants Max Leroy Tracy's and Fermin Gaytan Lopez's breach proximately caused Plaintiff's injuries and damages for which he now sues.

   18. Defendants Max Leroy Tracy's and Fermin Gaytan Lopez's acts and/or omissions constitute negligence.

   ii.  **Defendant PGT Trucking**

   19. Defendant PGT Trucking is responsible for Defendant Fermin Gaytan Lopez's acts and/or omissions under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or principal-agent liability because Defendant Fermin Gaytan Lopez was operating the vehicle at the time of the collision in the course and scope of his employment, and/or as a borrowed servant, and/or with actual or apparent authority and within the scope of his agency with Defendant PGT Trucking.

20. Defendant PGT Trucking is liable for negligent entrustment because it entrusted its vehicle to Defendant Fermin Gaytan Lopez, who was an unlicensed, incompetent, and/or reckless driver. Defendant PGT Trucking knew or should have known that Defendant Fermin Gaytan Lopez was an unlicensed, incompetent, and/or reckless driver. Defendant Fermin Gaytan Lopez's negligence proximately caused Plaintiff's injuries and damages at issue in this case.

21. Defendant PGT Trucking owed Plaintiff a duty to hire, supervise, train, and retain competent employees.

22. Defendant PGT Trucking breached that duty in one of more of the following respects:

    a. failing to use ordinary care in determining whether Defendant Fermin Gaytan Lopez was competent to be hired;

    b. failing to use ordinary care in adequately training Defendant Fermin Gaytan Lopez;

    c. failing to use ordinary care in adequately supervising Defendant Fermin Gaytan Lopez; and

    d. failing to use ordinary care in adequately retaining Defendant Fermin Gaytan Lopez.

23. Defendant PGT Trucking's breach proximately caused Plaintiff's injuries and damages for which he now sues.

24. Defendant PGT Trucking's acts and/or omissions constitute negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent retention.

### iii. Defendant Rhodes LLC

25. Defendant Rhodes LLC is responsible for Defendant Fermin Gaytan Lopez's acts and/or omissions under the doctrine of respondeat superior, and/or the doctrine of borrowed servant, and/or principal-agent liability because Defendant Max Leroy Tracy was operating the

vehicle at the time of the collision in the course and scope of his employment, and/or as a borrowed servant, and/or with actual or apparent authority and within the scope of his agency with Defendant Rhodes LLC.

26. Defendant Rhodes LLC is liable for negligent entrustment because it entrusted its vehicle to Defendant Max Leroy Tracy, who was an unlicensed, incompetent, and/or reckless driver. Defendant Rhodes LLC knew or should have known that Defendant Max Leroy Tracy was an unlicensed, incompetent, and/or reckless driver. Defendant Max Leroy Tracy's negligence proximately caused Plaintiff's injuries and damages at issue in this case.

27. Defendant Rhodes LLC owed Plaintiff a duty to hire, supervise, train, and retain competent employees.

28. Defendant Rhodes LLC breached that duty in one of more of the following respects:

   a. failing to use ordinary care in determining whether Defendant Max Leroy Tracy was competent to be hired;

   b. failing to use ordinary care in adequately training Defendant Max Leroy Tracy;

   c. failing to use ordinary care in adequately supervising Defendant Max Leroy Tracy; and

   d. failing to use ordinary care in adequately retaining Defendant Max Leroy Tracy.

29. Defendant Rhodes LLC's breach proximately caused Plaintiff's injuries and damages for which he now sues.

30. Defendant Rhodes LLC's acts and/or omissions constitute negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent retention.

**B.  Gross Negligence**

31.  Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.

32.  When viewed objectively from Defendants' standpoint at the time of the collision, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to pedestrians and the motoring public, such as Plaintiff. Defendants PGT Trucking and Rhodes LLC knew of should have known that Defendants Fermin Gaytan Lopez and Max Leroy Tracy, respectively, were unlicensed, incompetent, and/or reckless drivers. Defendants Fermin Gaytan Lopez and Max Leroy Tracy knew that failing to control their speed, failing to pay attention, and driving while distracted involved an extreme degree of risk that they would cause serious harm to pedestrians and the motoring public, such as Plaintiff. Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.

33.  The aforementioned acts and/or omissions of Defendants constitute gross negligence as that term is defined in Civil Practice and Remedies Code § 41.001(11), and Plaintiff seeks to recover exemplary damages from Defendants in this suit.

## VI.
## DAMAGES

34.  As a result of Defendants' negligence and gross negligence, Plaintiff suffered severe bodily injuries to his right leg, neck, back, and other parts of his body generally.

35.  Plaintiff's right leg had to be amputated because of the injuries he suffered in the collisions. Plaintiff's entire body was bruised, battered, and contused, and he suffered great shock to his entire nervous system. Plaintiff's injuries are permanent in nature and have had deleterious effects on his health and well-being. Some of these effects will abide with Plaintiff for a long time

into the future, if not for his entire life. Plaintiff's injuries have caused his physical and mental condition to deteriorate generally and will, in all reasonable probability, cause him to suffer continual deterioration of his physical and mental condition for a long time in the future, if not for the balance of his natural life.

36. Plaintiff also sustained great physical and mental pain, suffering, and mental anguish and, in all reasonable probability, he will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

37. As a result of the occurrence made the basis of this suit, Plaintiff has sustained the following damages:

    a. Medical care and expenses incurred in the past;

    b. Medical care and expenses that will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering that will, in all reasonable probability, be sustained in the future;

    e. Physical impairment and disability in the past;

    f. Physical impairment and disability that will, in all reasonable probability will, be sustained in the future;

    g. Loss of wages in the past;

    h. Loss of future earning capacity;

    i. Mental anguish in the past;

    j. Mental anguish that will, in all reasonable probability, be suffered in the future;

    k. Physical disfigurement in the past; and

    l. Physical disfigurement that will, in all reasonable probability, be suffered in the future.

## VIII.
## INTEREST

38. Plaintiff requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## IX.
## STATEMENT OF MONETARY RELIEF SOUGHT

39. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000 and demand judgment for all other relief to which Plaintiffs deem themselves entitled.

## X.
## NOTICE OF SELF-AUTHENTICATION

40. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs provides notice of his intent to use, at any pretrial proceeding or at trial, any documents produced by Defendants in response to written discovery.

## XI.
## DEMAND FOR JURY TRIAL

41. Plaintiff demands a jury trial and submits herewith the required jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and, at the trial of this matter, that Plaintiff have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre- and post-judgment interest as allowed by law, costs of Court, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled by law.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR TEMPORARY INJUNCTION

Plaintiff Cory Ray Weaver applies for a temporary restraining order ("TRO") with his Original Petition and moves for a temporary injunction (the "Motion") as set forth below:

1. Plaintiff moves for a temporary injunction commanding Defendants, their employees, or anyone acting on their behalf to desist and refrain from taking any action that might alter, damage, or destroy in any way:

    a. any and all remains of the vehicles and trailers involved in the collisions, including but not limited to the tires, engine electronic control module (the "ECM"), airbag control module ("ACM"), tachograph, dash camera video recordings, and any other ancillary device of the vehicles and trailers without notice to and consent of Plaintiff;

    b. for the two years preceding the collisions, the driver logs and records of duty status;

    c. for the two years preceding the collisions, the data relating to the ECM, ACM, tachograph, or any other "black box" or other onboard computer for the vehicles and trailers involved in the collisions;

    d. for the two years preceding the collisions, the computerized tracking information, GPS data, radar records, satellite tracking, driver messaging, dispatcher sheets, registers, and any other records or data pertaining to the movement of the vehicles and trailers involved in the collisions;

    e. any and all communication devices, including but not limited to cell phones, Qualcomm messaging systems, laptops, and tablets, that were in the vehicle and trailers involved in the collisions at the time of the collisions;

    f. any and all data from the communication devices in the preceding paragraph, including but not limited to call logs, text messages, website search history, app logs, emails, and data usage logs; and

    g. any and all data, records, and recordings relating to dash camera videos or other video event recording technology, including but not limited to SmartDrive or any other similar event recording system.

2. Plaintiff applies for a TRO on the grounds that, unless they are immediately deterred from taking any action that might alter, damage or destroy evidence, Defendants will

commit said acts before the notice of hearing on the Motion can be served or the Motion heard. If the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may alter, damage, or destroy the condition of said evidence and, therefore, prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court enter the TRO, immediately enjoin Defendants, their employees, or anyone acting on their behalf from taking any action that might alter, damage or destroy the evidence set forth in the Motion, set the Motion for hearing, grant the Motion, enter temporary injunctive relief preventing Defendants, their employees, or anyone acting on their behalf from taking any action that might alter, damage or destroy the evidence set forth in the Motion until after the trial of this matter, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled by law.

Respectfully submitted,

THOMAS J. HENRY LAW, PLLC
6031 Connection Drive, Suite 900
Irving, Texas 75039
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

Scott P. Brinkerhoff
State Bar No. 24069419
Email: sbrinkerhoff-svc@thomasjhenrylaw.com
ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Scott Brinkerhoff on behalf of Scott Brinkerhoff
Bar No. 24069419
sbrinkerhoff-svc@thomasjhenrylaw.com
Envelope ID: 72071777
Status as of 1/24/2023 4:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Scott Brinkerhoff | | sbrinkerhoff-svc@thomasjhenrylaw.com | 1/24/2023 9:23:06 AM | SENT |